IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : CASE NO.: 1:14-CR-29-3 (WLS) |
| WADE UMBACH, | : |
| Defendant. | : |

### ORDER

Presently before the Court is Defendant Wade Umbach's Motion for New Trial and Motion to Incorporate and Adopt the Arguments of Defendants Christopher Kines and Elizabeth Croley. (Doc. 189.) The Court also will consider Defendant Umbach's oral motion for judgment of acquittal. Umbach does not particularize the arguments made by his codefendants he seeks to adopt.[1] On July 9, 2014, Umbach was indicted for making false reports in violation of 18 U.S.C. § 1519 ("Count Four") and allegedly tampering with a witness, victim, or informant in violation of 18 U.S.C. § 1512(b)(3) ("Count Six"). On June 10, 2015, a jury returned a verdict finding Umbach guilty of Count Six and acquitting him of Count Four. At the close of the Government's case-in-chief and again at the close of all the evidence, Umbach moved for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. At the end of trial, Umbach also moved the Court for a new trial pursuant to Federal Rule of Criminal Procedure 33. The Court reserved ruling on Umbach's pre-verdict motion for judgment of acquittal pursuant to Rule 29. Thereafter, Umbach filed a written motion to articulate his grounds for a new trial with permission of the Court. (Doc. 189.) The Government responded to Umbach's Motion for New Trial and indicated that it was in receipt of Umbach's Motion prior to it being filed on the docket. (Doc. 187.) The Government requested that the Court consider its response in opposition previously filed. (Doc. 190.) The Court hereby grants the Government's request to reference its previously

---

[1] To the extent Umbach seeks to adopt the arguments of Defendants Kines and Croley in their motions for judgment of acquittal or new trial, the Court incorporates as to Umbach the findings and rulings in the Court's Orders addressing Defendants Kines and Croley's motions. (Docs. 251, 252.)

1

filed response in opposition and will consider Umbach's oral motion for judgment of acquittal and motion for new trial in turn.

### I. Umbach's Motion for Judgment of Acquittal

At the close of the Government's case-in-chief, Umbach argued there was insufficient evidence for a rational trier of fact to find that Umbach made false statements as alleged in Count Six of the indictment. Since Umbach was found not guilty of Court Four, the Court need only consider Umbach's argument in relation to Count Six. A defendant's motion for judgment of acquittal should be granted if the Court finds that "the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). Thus, the Court "must determine whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt." *United States v. Mercer*, 541 F.3d 1070, 1074 (11th Cir. 2008) (citing *United States v. Ward*, 197 F.3d 1076, 1079 (11th Cir. 1999)). The conviction should be upheld unless the Court finds that "the jury could not have found the defendant guilty under any reasonable construction of the evidence." *United States v. Robles*, 283 F. App'x 726, 735 (11th Cir. 2008) (quoting *United States v. Chastain*, 198 F.3d 1338, 1351 (11th Cir. 1999)).

Courts are to construe the evidence in the light most favorable to the Government. *United States v. Maxwell*, 579 F.3d 1282, 1299 (11th Cir. 2009) (citing *United States v. Futrell*, 209 F.3d 1286, 1288 (11th Cir. 2000)). Accordingly, the Court must "resolve any conflicts in favor of the Government, [and] draw all reasonable inferences that tend to support the prosecution's case…." *Id.* (citing *United States v. Thompson*, 473 F.3d 1137, 1142 (11th Cir. 2006) and *Ward*, 197 F.3d at 1079). "The prosecution need not rebut all reasonable hypotheses other than guilt." *United States v. Sellers*, 871 F.2d 1019, 1021 (11th Cir. 1989) (citing *United States v. Bell*, 678 F.2d 547, 549 (5th Cir. 1982)). "It is not enough for a defendant to put forth a reasonable hypothesis of innocence, because the issue is not whether a jury reasonably could have acquitted but whether it reasonably could have found guilt beyond a reasonable doubt." *Thompson*, 473 F.3d at 1142 (citing *United States v. Mieres-Borges*, 919 F.2d 652, 656 (11th Cir. 1990)). If a court reserves decision on a motion for judgment of acquittal made at the close of the Government's evidence, the court "must

decide the motion on the basis of the evidence at the time the ruling was reserved." Fed. R. Crim. P. 29(b).

Count Six of the indictment alleges that on or about November 14, 2013, in the Northern District of Georgia, Defendant Robert Wade Umbach did knowingly engage in misleading conduct toward another person, and attempted to do so, with intent to hinder, delay, and prevent communication to a federal law enforcement officer and judge of information relating to the commission and possible commission of a federal offense in the Middle District of Georgia, specifically, the offense of Deprivation of Rights Under Color of Law, as alleged in Count One. (Doc. 1.) Specifically, the indictment alleged that Umbach made the following false and misleading statements to Special Agents of the FBI: (1) that on or about September 15-16, 2012, Wiley Griffin, IV did not use force against Aaron Parrish; and (2) that the only person who hit Aaron Parrish was Defendant Christopher Kines. (*Id.*) The indictment further alleges that "[i]n truth and in fact, as defendant then well knew, Griffin, IV, repeatedly hit A.P. (Aaron Parrish) in the face, causing him to suffer cuts, bleeding, swelling, bruising, and pain. (*Id.*)

To establish that Umbach was guilty of the charged offense in Count Six the Government was obligated to prove beyond a reasonable doubt that: (1) Umbach engaged in misleading conduct toward another person, as alleged; (2) Umbach acted with the intent to hinder, delay, or prevent communication of the information alleged to a federal law enforcement officer or federal judge; and (3) the information related to the commission or possible commission of a federal offense. *United States v. Ronda*, 455 F.3d 1273, 1284 (11th Cir. 2006); *See also United States v. Jones*, 489 Fed.App'x 364, 366 (11th Cir. 2012)(unpublished).

At the conclusion of the Government's case-in-chief, evidence existed for a rational jury to find Umbach guilty of tampering with a witness, victim, or informant in violation of 18 U.S.C. § 1512(b)(3) beyond a reasonable doubt. In support of his motion for judgment of acquittal, Umbach argues that Federal Bureau of Investigation ("FBI") Agent Steve McDermond's investigation was not tampered with and that Umbach did not intend to "hinder, delay, or prevent communication" of the information alleged to Agent

3

McDermond. Contrary to Umbach's assertion, adequate evidence existed for a rational jury to find Umbach guilty at the conclusion of the government's case. As noted by the Government during oral argument at trial, Agent McDermond testified to the effect that he was still in the midst of his investigation when he interviewed Umbach.

Evidence was also presented that would enable a rational trier of fact to find that Umbach had the intent to tamper with Agent McDermond's investigation in violation of 18 U.S.C. § 1512(b)(3). Throughout the Government's case-in-chief there existed discrepancies between Umbach's stated recollection of Wiley Griffin, IV's alleged lack of involvement in the confrontation with Aaron Parrish and the testimony of other witnesses such as Robbie Webb. Witness Jim Morris testified during the Government's case-in-chief that it was Decatur County Sheriff's Office policy to report any injustice. Morris's testimony could be construed by a jury as evidence that Umbach was on notice of the importance of accurately reporting events, including those from the day of Bike Fest incident. While it was left to the jury to determine whether Umbach omitted evidence regarding Wiley Griffin, IV's alleged involvement, there also was enough evidence to support a finding by the jury that if Umbach did intentionally omit that evidence, given his understanding of the importance of disclosing information, his interview with Agent McDermond sought to further omit information pertinent to Agent McDermond's investigation. Nothing presented during Defendants' case-in-chief changes the Court's view that a rational trier of fact could find evidentiary support for the allegations in Count Six beyond a reasonable doubt. Taking into account all the Government's evidence, the circumstances as shown by the evidence and all reasonable inferences in support of the verdict as shown by the evidence, the Court finds that the evidence was sufficient to support finding Umbach guilty as alleged in Count Six beyond a reasonable doubt. Umbach's Motion for Judgment of Acquittal is **DENIED**.

**II. Umbach's Motion for a New Trial**

Umbach further moves the Court for a new trial under Federal Rule of Criminal Procedure 33. (Doc. 189.) A district court is permitted to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Different from a motion for judgment of acquittal where a court must view the evidence in a light most

favorable to the verdict, when a party moves for a new trial "the court need not view the evidence in the light most favorable to the verdict." *United States v. Martinez*, 763 F.2d 1297, 1312 (11th Cir.1985). While the standard for granting a new trial based on the weight of the evidence is a broad one and is within the sound discretion of a district court judge, the Eleventh Circuit instructs district courts that motions for new trials should be granted "sparingly and with caution" and only in "really exceptional cases". *Id.* at 1312-13 (internal quotations and citation omitted). In cases where the evidence was sufficient to support a conviction, courts have only granted motions for new trial where "the credibility of the government's witnesses had been impeached and the government's case had been marked by uncertainties and discrepancies." *Id*; *see also Butcher v. United States*, 368 F.3d 1290, 1297 n. 4 (11th Cir. 2004). A district court cannot "reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable. The evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Martinez*, 763 F.3d at 1312-13.

Umbach asserts that a new trial is merited as a result of the Government's alleged prosecutorial misconduct.[2] Umbach identifies three instances of alleged prosecutorial misconduct on the part of the Government: (1) alleged misconduct during the presentation of evidence to the Grand Jury; (2) alleged witness intimidation during a chambers meeting; and (3) an alleged misstatement of grand jury secrecy requirements. The Court will consider each of Umbach's grounds for a new trial in turn.

### A. Government's Alleged Misconduct During Presentation of Evidence to a Grand Jury

Umbach argues that the Government committed prosecutorial misconduct by failing to correct the allegedly perjured grand jury testimony of Decatur County Sheriff's Officer Deputy Vincent Edmonds ("Deputy Edmonds") and by failing to present the related exculpatory evidence to the grand jury. On October 9, 2013, Deputy Edmonds testified

---

[2] The Court notes for the record that both Defendants Kines and Croley adopted Umbach's assertion that a new trial is merited as a result of the Government's alleged misconduct. The Court's findings hereinafter are hereby incorporated as part the Court's Orders addressing Defendant Kines and Croley's motions on these grounds as well. (Docs. 251, 252.)

before a federal grand jury that he read an incident report stating that Wiley Griffin, Jr.[3] was involved in "the scuffle with Mr. Parrish." (Doc. 189-1 at 2.) After Mr. Parrish's state court trial, Deputy Edmonds testified further before a federal grand jury that Griffin's name had been taken out of the incident report completely. (*Id.* at 5.) On April 8, 2014, after the grand jury subpoenaed records from Eagle Advantage Solutions, Inc. ("Eagle Solutions") which operated the Decatur County Sheriff's Office records system, Defendant Elizabeth Croley supplied information to Government's counsel from the Vice President of Eagle Solutions which indicated that "Eagle Advantage Solutions was unable to find any audit records indicating a delete action" occurred related to the incident report Deputy Edmonds referenced during his grand jury testimony. (Doc. 189-2 at 2.) Umbach alleges that this information was intentionally withheld from the grand jury by Government's counsel. After a conversation between the Vice President of Eagle Solutions and the Government's counsel, Umbach alleges that the Government knew Deputy Edmonds "perjured" himself but did not disclose the relevant exculpatory evidence or the fact that Deputy Edmonds "perjured himself" to the grand jury. Deputy Edmonds' allegedly perjured testimony allowed the Government to secure an indictment against him, Umbach argues.

Umbach's assertion that the Government committed prosecutorial misconduct by withholding exculpatory evidence from the grand jury is flawed as a matter of law. Without making any finding that Deputy Edmonds' testimony was perjury and *per se* exculpatory, the Court notes that "[i]t is settled law that the prosecution is not required to include exculpatory evidence in its presentation to the grand jury." *United States v. Gilbert*, 198 F.3d 1293, 1304 (11th Cir. 1999)(citing *United States v. Williams*, 504 U.S. 36, 51 (1992)). A district court requiring prosecutors to disclose exculpatory evidence would greatly offend the longstanding "operational separateness" from the grand jury process and would also jeopardize the secrecy of grand jury proceedings required by Federal Rule of Criminal Procedure 6(e). *Williams*, 504 U.S. at 49-50. Even if the evidence withheld by the Government in this case was deemed exculpatory, the Government was not obligated to disclose that information to the grand jury. Given well-established law recognizing the stark

---

[3] The Court notes that Deputy Edmonds reference to Wiley Griffin, Jr., is a reference in fact to Wiley Griffin, IV.

difference between the grand jury process and process thereafter during a trial, Umbach's assertion that the Government was obligated to disclose exculpatory evidence to the grand jury is without merit.

Evidence of a discrepancy between Deputy Edmonds' testimony before a grand jury and statements thereafter presented by Umbach does not constitute prosecutorial misconduct either. "As a general matter, to establish prosecutorial misconduct for the use of false testimony, a defendant must show that the prosecutor knowingly used perjured testimony or failed to correct what he subsequently learned was false testimony, and that the falsehood was material. When the alleged prosecutorial misconduct occurs in the context of a grand jury proceeding, we dismiss the indictment only when the misconduct 'substantially influenced the grand jury's decision to indict' or when there is 'grave doubt that the decision to indict was free from the substantial influence of such violations.'" *United States v. Cavallo*, 790 F.3d 1202, 1219 (11th Cir. 2015)(citations omitted).[4]

Even if Deputy Edmonds' inconsistent statements were perjurious, there is not enough evidence to support Umbach's assertion an indictment would not have been issued if Deputy Edmonds allegedly perjured testimony had been disclosed to the Grand Jury. As noted in the Government's response, substantial evidence was provided over the course of three grand jury sessions to support a probable cause finding that Wiley Griffin, IV used force against Parrish and that Griffin's use of force was omitted by Defendants Umbach, Croley, and Kines. Significantly, the Government notes that Defendants' reports were supplied to the grand jury and not one of those reports included Wiley Griffin, IV as using force against Mr. Parrish. In light of the evidence provided to the grand jury and an absence of proof that the grand jury heavily relied on Deputy Edmonds' testimony and would not have returned an indictment without that testimony, Umbach's argument fails to show the need for a new trial in the interest of justice or because the evidence preponderates heavily

---

[4] The Court notes for the record that Umbach does not directly attack the validity of the indictment in her Motion. Further, Umbach did not attempt to quash the indictment as a result of Deputy Edmonds' alleged perjured testimony prior to trial consistent with the Federal Rules of Criminal Procedure. *See* Fed. R. Crim. P. 12(b)(3)(B).

against the trial jury's verdict. Umbach's Motion for a New Trial based on Edmonds' alleged "perjured" testimony before the grand jury is denied.

**B. Government's Alleged Witness Intimidation During an In-Chambers Meeting**

Umbach also contends that Counsel for the Government intimidated Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") Special Agent Jeff Reed ("Agent Reed") during an in-chambers meeting. Specifically, Umbach contends that Attorney Rita Berkower intimidated Agent Reed by commenting in Reed's presence, "[y]our Honor, I guess we would ask if we're permitted to call witnesses in our rebuttal case concerning Mr. Reed's character for truthfulness" after the Court had ruled in chambers that Special Agent Reed had an adequate foundation for giving opinion and reputation testimony. (Doc. 189 at 6.) After Agent Reed testified at trial, the Government did not call a witness to testify regarding the credibility of Agent Reed. Umbach argues that "[t]he only conclusion to be drawn from the government's failure to introduce any such evidence is that [government's counsel] did not have a good faith basis for insinuating the government could or would call witnesses to testify about [Special Agent] Reed's character for truthfulness." Umbach's assertion that the Government acted in bad faith by deciding not to call a witness to attack Agent Reed's credibility for truthfulness or character is a stretch, at best. Government Counsel's simple failure to ultimately call a witness to attack Reed's credibility does not alone constitute a showing of bad faith. Likewise, no evidence presented to the Court supports a finding that Reed was in fact intimidated.

While not unfettered, prosecutors enjoy broad discretion in trying cases before a district court. *Ball v. United States*, 470 U.S. 856, 860 (1985)("The Court has long acknowledged the Government's broad discretion to conduct criminal prosecutions, including its power to select the charges to be brought in a particular case.") A prosecutor's use of intimidating tactics to affect a defense witness's testimony can create a due process violation. *United States v. Schlei*, 122 F.3d 944, 991 (11th Cir. 1997). However, a prosecutor's comments only amount to misconduct when comments are improper and prejudicial to a defendant's substantial rights. *United States v. Rivera*, 780 F.3d 1084, 1096 (11th Cir. 2015)(citations omitted). "The defendant's substantial rights are prejudicially affected when a reasonable probability arises

8

that, but for the comments, the outcome of the trial would have been different." *Id.* As conceded by Umbach, Ms. Berkower's comments did not affect Special Agent Reed's testimony. Umbach does not provide the Court with evidence that Ms. Berkower's statement in-chambers, outside of the presence of the jury, in anyway altered the outcome of the trial. As such, Umbach's argument that Ms. Berkower's statements constituted prosecutorial misconduct has not been substantiated and did not have any effect on Umbach's due process right.

### C. Government's Alleged Misstatement of Grand Jury Witness Secrecy Requirements

Umbach last argues that Government's cross-examination was an effort to improperly impugn Deputy Julian Crowder's credibility constituting prosecutorial misconduct meriting a new trial. Specifically, Umbach alleges that Christine Sicaretti, counsel for the Government, implied that Deputy Crowder violated grand jury secrecy rules imposed by Federal Rule of Criminal Procedure 6. Government's counsel cross-examined Deputy Crowder on his interest and Sheriff Wiley Griffin's interest in learning the identity of other witnesses testifying before the grand jury. During trial, Deputy Crowder acknowledged that he likely told Agent McDermond that Sheriff Wiley Griffin asked him to attend the grand jury proceedings early to provide Sheriff Griffin the identities of witnesses who intended to testify. (Doc. 189-8 at ¶¶ 5-13.) After that acknowledgment, Government's counsel then asked Deputy Crowder, "[b]y the way, as an experienced law enforcement officer you know that grand jury is a secret proceeding, correct?" (*Id.* at 14-16.) Immediately, and before Deputy Crowder could answer that question, Wiley Griffin, IV's counsel objected to the Government's question and any possible testimony as to how the secrecy rule about grand jury proceedings operates. (*Id.* at ¶¶ 17-19.) After inquiring into the basis for Government counsel's questioning, the Court sustained the objection and instructed the jury that it was to disregard the matter about grand jury secrecy. (*Id.* at ¶¶ 20-25.)

Umbach again does not provide the Court with an adequate showing that Ms. Siscaretti's question reached the level of prosecutorial misconduct requiring a new trial. Generally speaking, Federal Rule of Criminal Procedure 6(e)(2)(A) does not obligate a witness before a grand jury to be secretive. However, given the fact that the jury was instructed to disregard

9

the matter about grand jury secrecy consistent with the aforementioned Rule and the seemingly deminimis effect, if any, Government counsel's question could have on the jury, Umbach's argument fails. There is no suggestion, particularly in light of the Court's instruction to the jury, that Government counsel's unanswered cross-examination question to Deputy Crowder in any way altered the outcome of trial. Government counsel's question to Deputy Crowder does not constitute the need for a new trial in the interest of justice and the evidence does not preponderate heavily against the jury's verdict. As such, Umbach's Motion for a New Trial is hereby **DENIED**.[5]

## CONCLUSION

For the aforementioned reasons along with the reasons stated in the Court's Orders addressing Defendants Kines and Croley's Motions for a Judgment of Acquittal and New Trial (Docs. 251, 252), to the extent Defendant Umbach has adopted those motions, Umbach's Motions for Judgment of Acquittal and New Trial are **DENIED**.

**SO ORDERED**, this  14th  day of March, 2016.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE
UNITED STATES DISTRICT COURT**

---

[5] The Court also notes for that during the Court's preliminary instructions the Court instructed the jury that questions by lawyers were not evidence.